# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
DAWOOD, VENA § Case No. 10-32000
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                 $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]              $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Frances Gecker_____
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 10-32000 | TAB | Judge: Timothy A. Barnes | Trustee Name: | Frances Gecker |
|---|---|---|---|---|---|
| Case Name: | DAWOOD, VENA | | | Date Filed (f) or Converted (c): | 07/19/10 (f) |
| | | | | 341(a) Meeting Date: | 09/21/10 |
| For Period Ending: | 02/17/14 | | | Claims Bar Date: | 05/21/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Cash on hand  Debtor Claimed Exemption | 5.00 | 0.00 | | 0.00 | FA |
| 2. Checking account at JP Morgan Chase  Debtor Claimed Exemption | 1,000.00 | 0.00 | | 0.00 | FA |
| 3. Savings account at JP Morgan Chase  Debtor Claimed Exemption | 230.00 | 0.00 | | 0.00 | FA |
| 4. General and ordinary household goods and furnishin  Debtor Claimed Exemption | 750.00 | 375.00 | | 0.00 | FA |
| 5. Necessary wearing apparel  Debtor Claimed Exemption | 350.00 | 0.00 | | 0.00 | FA |
| 6. Pending personal injury law suit  Vena Dawood v. Eliza Hanan, individually and as agent for David Shapiro, and David Shapiro, case no. 2009 L 013013 | 15,000.00 | 15,000.00 | | 27,500.00 | FA |
| 7. AVOIDANCE ACTION (u) | 0.00 | 130,000.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $17,335.00 | $145,375.00 | | $27,500.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

Case 10-32000    Doc 37    Filed 02/24/14    Entered 02/24/14 11:08:35    Desc Main
Document      Page 4 of 12

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Page: 2
Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 10-32000    TAB    Judge: Timothy A. Barnes | Trustee Name: | Frances Gecker |
| Case Name: | DAWOOD, VENA | Date Filed (f) or Converted (c): | 07/19/10 (f) |
| | | 341(a) Meeting Date: | 09/21/10 |
| | | Claims Bar Date: | 05/21/12 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

THE TRUSTEE HAS SUBMITTED A TFR FOR REVIEW TO THE UST.

Initial Projected Date of Final Report (TFR): 12/01/11     Current Projected Date of Final Report (TFR): 11/01/13


    /s/    Frances Gecker
_____    Date: _____
    FRANCES GECKER

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 10-32000 -TAB | | Trustee Name: | Frances Gecker |
| --- | --- | --- | --- | --- |
| Case Name: | DAWOOD, VENA | | Bank Name: | Congressional Bank |
| | | | Account Number / CD #: | *******5940 OPERATING ACCOUNT |
| Taxpayer ID No: | *******0441 | | | |
| For Period Ending: | 02/17/14 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/11/13 | 6 | CHUBB GROUP OF INSURANCE COMPANIES<br>P.O. BOX 42065<br>PHOENIX, AZ 85080-2065 | | 1142-000 | 27,500.00 | | 27,500.00 |
| 01/28/13 | 001000 | STEPHEN G. PINTO<br>LAW OFFICES OF STEPHEN G. PINTO, LTD.<br>111 W. WASHINGTON<br>SUITE 1521<br>CHICAGO, IL 60602<br><br>Fees 11,000.00<br>Expenses 700.20 | Order dated 11/27/12 | <br><br><br><br><br><br>3210-000<br>3220-000 | | 11,700.20 | 15,799.80 |
| 02/12/13 | | Trsf To Bank of New York Mellon | FINAL TRANSFER | 9999-000 | | 15,799.80 | 0.00 |

|  |  |  |
| --- | --- | --- |
| COLUMN TOTALS | 27,500.00 | 27,500.00 | 0.00 |
| Less: Bank Transfers/CD's | 0.00 | 15,799.80 | |
| Subtotal | 27,500.00 | 11,700.20 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 27,500.00 | 11,700.20 | |

Page Subtotals  27,500.00  27,500.00

FORM 2

Page: 2

Exhibit B

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 10-32000 -TAB | Trustee Name: | Frances Gecker |
| Case Name: | DAWOOD, VENA | Bank Name: | Bank of New York Mellon |
| | | Account Number / CD #: | *******7061 GENERAL CHECKING |
| Taxpayer ID No: | *******0441 | | |
| For Period Ending: | 02/17/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 02/12/13 | | Trsf In From Congressional Bank | INITIAL WIRE TRANSFER IN | 9999-000 | 15,799.80 | | 15,799.80 |
| 02/14/13 | 010000 | INTERNATIONAL SURETIES, LTD.<br>Suite 420<br>701 Poydras Street<br>New Orleans, LA 70139 | Blanket Bond #016026455 | 2300-000 | | 14.25 | 15,785.55 |
| 03/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | 12.87 | 15,772.68 |
| 04/05/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | 23.45 | 15,749.23 |
| 05/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | 22.66 | 15,726.57 |
| 06/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | 23.38 | 15,703.19 |
| 07/08/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | 22.59 | 15,680.60 |
| 08/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | 23.31 | 15,657.29 |
| 09/09/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | 23.28 | 15,634.01 |
| 10/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | 22.50 | 15,611.51 |
| 02/06/14 | 010001 | CLERK OF THE U.S. BANKRUPTCY COURT<br>for the Northern District of Illinois<br>Eastern Division<br>219 S. Dearborn Street, Room 713 | ADVERSARY CASE DEFERRAL FEE<br>Frances Gecker, Chapter 7 Trustee v. Matthew Dawood<br>Case No. 10 A 02284 | 2700-000 | | 250.00 | 15,361.51 |
| | | | Page Subtotals | | 15,799.80 | 438.29 | |

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 3
Exhibit B

| Case No: | 10-32000 -TAB | Trustee Name: | Frances Gecker |
| --- | --- | --- | --- |
| Case Name: | DAWOOD, VENA | Bank Name: | Bank of New York Mellon |
| | | Account Number / CD #: | *******7061 GENERAL CHECKING |
| Taxpayer ID No: | *******0441 | | |
| For Period Ending: | 02/17/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | Chicago, IL 60604 | | | | | |

|  |  | | |
| --- | --- | --- | --- |
| COLUMN TOTALS | 15,799.80 | 438.29 | 15,361.51 |
| Less: Bank Transfers/CD's | 15,799.80 | 0.00 | |
| Subtotal | 0.00 | 438.29 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 0.00 | 438.29 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
| --- | --- | --- | --- |
| OPERATING ACCOUNT - ********5940 | 27,500.00 | 11,700.20 | 0.00 |
| GENERAL CHECKING - ********7061 | 0.00 | 438.29 | 15,361.51 |
| | 27,500.00 | 12,138.49 | 15,361.51 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Frances Gecker, Trustee

Trustee's Signature: ____/s/____Frances Gecker_____   Date: 02/19/14
FRANCES GECKER

Page Subtotals   0.00   0.00

| | | EXHIBIT C | | | | |
|---|---|---|---|---|---|---|
| Page 1 | | ANALYSIS OF CLAIMS REGISTER | | | | Date: February 19, 2014 |

Case Number: 10-32000  
Debtor Name: DAWOOD, VENA

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 3210-00 | Stephen G. Pinto | Administrative | | $11,700.20 | $11,700.20 | $0.00 |
| 001 3110-00 | FRANKGECKER LLP<br>325 N. LaSalle Street<br>Suite 625<br>Chicago, IL 60654 | Administrative | | $7,539.64 | $0.00 | $7,539.64 |
| 999 2990-00 | CLERK OF THE U.S. BANKRUPTCY COURT<br>219 S. Dearborn Street<br>Chicago, Illinois 60604 | Administrative | | $250.00 | $250.00 | $0.00 |
| 000001 070 7100-00 | DISCOVER BANK<br>DB SERVICING CORPORATION<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | Unsecured | | $7,548.08 | $0.00 | $7,548.08 |
| 000002 070 7100-00 | MIDLAND FUNDING LLC<br>25 SE 2ND AVE, SUITE 1120<br>MIAMI, FL 33131-1605 | Unsecured | | $3,511.12 | $0.00 | $3,511.12 |
| 000003 070 7100-00 | PORTFOLIO RECOVERY ASSOCIATES, LLC<br>CITIFINANCIAL, INC (WICKES FURNITURE)<br>BY PRA RECEIVABLES MGMT, LLC<br>POB 41067<br>NORFOLK VA 23541 | Unsecured | | $3,308.17 | $0.00 | $3,308.17 |
| 000004 070 7100-00 | AMERICAN EXPRESS CENTURION BANK<br>C O BECKET AND LEE LLP<br>POB 3001<br>MALVERN, PA 19355-0701 | Unsecured | | $8,851.87 | $0.00 | $8,851.87 |
| 000005 070 7100-00 | AMERICAN EXPRESS BANK, FSB<br>C O BECKET AND LEE LLP<br>POB 3001<br>MALVERN, PA 19355-0701 | Unsecured | | $65.00 | $0.00 | $65.00 |
| 000006 070 7100-00 | PYOD, LLC/B-Line, LLC<br>c/o RESURGENT CAPITAL SERVICES<br>PO BOX 19008<br>GREENVILLE, SC 29602 | Unsecured | | $2,024.34 | $0.00 | $2,024.34 |
| 000007 070 7100-00 | CHIROPRACTIC CENTRE OF HIGHLAND PARK<br>ATTN: DR. THOMAS MCNULTY<br>210 SKOKIE VALLEY ROAD, #7<br>HIGHLAND PARK, IL 60035 | Unsecured | | $6,595.00 | $0.00 | $6,595.00 |

| | | EXHIBIT C | | | | |
|---|---|---|---|---|---|---|
| Page 2 | | ANALYSIS OF CLAIMS REGISTER | | | | Date: February 19, 2014 |

Case Number:  10-32000  
Debtor Name:  DAWOOD, VENA  

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000008 002 4220-00 | Dr. Thomas McNulty 210 Skokie Valley Road, #7 Highland Park, IL  60036 | Secured | | $6,595.00 | $0.00 | $6,595.00 |
| | Case Totals: | | | $57,988.42 | $11,950.20 | $46,038.22 |

Code #:   Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-32000
Case Name: DAWOOD, VENA
Trustee Name: Frances Gecker

Balance on hand $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000008 | Dr. Thomas McNulty | $ | $ | $ | $ |

Total to be paid to secured creditors $_____

Remaining Balance $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Frances Gecker | $ | $ | $ |
| Attorney for Trustee Fees: FRANKGECKER LLP | $ | $ | $ |
| Attorney for Trustee Expenses: FRANKGECKER LLP | $ | $ | $ |
| Other: CLERK OF THE U.S. BANKRUPTCY COURT | $ | $ | $ |
| Other: Stephen G. Pinto | $ | $ | $ |
| Other: Stephen G. Pinto | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | DISCOVER BANK | $ | $ | $ |
| 000002 | MIDLAND FUNDING LLC | $ | $ | $ |
| 000003 | PORTFOLIO RECOVERY ASSOCIATES, LLC | $ | $ | $ |
| 000004 | AMERICAN EXPRESS CENTURION BANK | $ | $ | $ |
| 000005 | AMERICAN EXPRESS BANK, FSB | $ | $ | $ |
| 000006 | PYOD, LLC/B-Line, LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

    Remaining Balance                                                         $_____

    Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

    Tardily filed general (unsecured) claims are as follows:

                                                  NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

                                                  NONE